IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY E. SHELLEY,
    Plaintiff,
    v.
JEFFERY MULLEN, et al.,
    Defendant

Case No. 3:09-cv-182-MBC-KAP

## Report and Recommendation

### Recommendation

Pending is defendants' motion to dismiss, docket no. 22. It should be granted.

### Report

Plaintiff was an inmate at S.C.I. Houtzdale when he filed the complaint in July 2009, and was released shortly thereafter. I recommended that the plaintiff's motion to proceed in forma pauperis be denied, and the Court agreed, but the Court of Appeals for the Third Circuit declared plaintiff an indigent and remanded. Defendants filed a motion to dismiss in June 2010. When plaintiff had not responded after four months, on October 12, 2010, I ordered plaintiff to respond by the end of the month. On October 28, 2010, plaintiff submitted a motion for an open-ended extension of time to respond, without explanation for the failure to respond or reason for granting an extension. The complaint should be dismissed as a sanction under Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984)[1].

---

1. The Third Circuit requires the weighing of six factors in deciding whether to dismiss a civil case as a sanction for failure to prosecute: (1) the extent of the party's personal
(continued...)

Plaintiff's complaint should also be dismissed as meritless. I observed that it was meritless in my review under 28 U.S.C.§ 1915A, see docket no. 5, and nothing has changed. Additionally, it is barred by the statute of limitations,[2] an affirmative defense pleaded by defendants and not opposed by plaintiff.

Plaintiff's complaint is divided into numbered "Events." "Event No. 1" through "Event No. 4" allege conduct which plaintiff vaguely implies was wrongful by defendant employees of Somerset County or the Court of Common Pleas of Somerset County in the

---

(...continued)
responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Plaintiff is completely responsible for his failure to prosecute, does not offer any excuse, and does not even have the handicap of being in prison like the last time he abandoned a lawsuit. Shelley v. Sprowls, Case No. 3:01-cv-226-MBC-KAP (W.D.Pa.), aff'd, No. 05-1909 (3d Cir. August 2, 2005). The prejudice from having to defend the civil suits that follow the criminal prosecution of plaintiff is mostly to the taxpayer, but there is probably some minimal distraction to the defendants individually. Because plaintiff is proceeding in forma pauperis no financial sanction is appropriate or effective. Most importantly, plaintiff's claims are meritless.

2. Because 42 U.S.C. §1983 does not contain a statute of limitations period, a court looks to the statute of limitations governing analogous state causes of action. Wallace v. Kato, 127 S.Ct. 1091 (2007). Here, plaintiff's claim is one for damages for personal injury. Actions for personal injury in Pennsylvania have a two year limitations period. 42 Pa.C.S.§ 5524.

revocations of plaintiff's parole or probation in 2000 or 2001. "Event No. 5," "Event No. 6," and "Event No. 7" allege that defendant Fela, a probation officer, wronged plaintiff in 2003 by computations or recommendations he made in a presentence report submitted before the imposition of the most recent criminal sentence. Not only did those events happen far beyond the limitations period, the person who prepares a presentence report for a judge should be protected by derivative judicial immunity to avoid having the staff around a judge become the "lightning rod for harassing litigation." Turner v. Barry 856 F.2d 1539, 1541(D.C. Cir.1988)(collecting cases holding probation officers absolutely immune from damage suits over preparation of PSR; internal quotation and citation omitted).

Also, "Event No. 7" is garbled but appears to complain about the sentence petitioner actually received in 2003. Defendant Fela was not the sentencing judge in that case, and even if a basis for liability were articulated, any action took place well beyond the statute of limitations.

The complaint should be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: November 2, 2010

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Barry Shelley
364 Covered Bridge Road
Rockwood, PA 15557